**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-3181 |
| | * | Criminal No. JFM-09-0581 |
| | * | |
| KEVIN SCOTT | * | |
| | ****** | |

## MEMORANDUM

Kevin Scott has filed a motion to vacate pursuant to 28 U.S.C. §2255. The motion has been fully briefed. It will be denied.

The four claims asserted by Scott in support of this motion are entirely without merit.

First, Scott complains that his trial lawyer was allegedly ineffective in failing to move to dismiss the indictment because the indictment did not charge the elements of aiding and abetting. This contention is entirely academic because Scott pled guilty, not as an aider and abetter but as a principal. Moreover, aiding and abetting liability need not be charged in an indictment. *See United States v. Day*, 700 F.3d 713, 720 (4th Cir. 2012).

Second, Scott asserts that his trial counsel was ineffective in promising him that he would not be found to be a career offender. During his rearraignment Scott denied that he was made any promises not contained in the plea agreement, and the plea agreement specifically left open the possibility that Scott could be found to be a career offender. In any event, the sentence that this court imposed (which was pursuant to a plea entered under Fed. R. Crim. P. 11(c)(1)(C) that provided a prison term between 20 and 25 years) was less than the sentence that Scott would have received as a career offender.

1

Third, Scott complains that his trial counsel was ineffective in not explaining the elements of aiding and abetting to him. As previously stated, Scott pled guilty not as an aider and abetter but as a principal, and the facts underlying his convictions fully supported that guilty plea.

Fourth, Scott asserts that his trial counsel should have argued for, and obtained, a downward departure. Scott ignores the seriousness of his own criminal history. No downward departure any greater than that provided for in the "C plea" was appropriate.

Finally, Scott did not receive, as he asserts, ineffective assistance of counsel on his appeal. In his plea agreement Scott waived his right to appeal any sentence in excess of 25 years (which was greater than the sentence he received), and Scott has alleged no facts that suggest the sentence he received constituted a "miscarriage of justice."

A separate order denying Scott's motion is being entered herewith.

Date:  February 28, 2014          /s/_____
                                  J. Frederick Motz
                                  United States District Judge